## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**DAVID MICHAEL TROTMAN, JR.,**

      **Petitioner,**

v.                                  **Civil Action No. 2:15cv364**

**DEBRA FERGUSON,**
**Commissioner of the Virginia Department**
**of Behavioral Health and Developmental Services,**

      **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Michael Trotman, Jr., ("Trotman") was previously a Virginia inpatient at Central State Hospital, a facility operated by the Virginia Department of Behavioral Health and Developmental Services. His pro sé federal habeas petition under 28 U.S.C. § 2254 alleges seven claims. Respondent moved to dismiss the petition. After the court directed the Respondent to supplement the record regarding the disposition of Trotman's appeal of his state habeas petition, Respondent notified the court that Trotman had been released from custody in October 2015. The court directed Trotman to show cause why his petition should not be dismissed as moot due to his release from custody. Trotman did not respond, and because the opportunity to do so has expired, the matter is ripe for review. For the reasons outlined below, the undersigned RECOMMENDS that Trotman's petition be dismissed as moot as a result of his release from custody.

## I.    STATEMENT OF THE CASE

In December 2013, Trotman pled not guilty by reason of insanity to five felony charges of assault and battery of a law enforcement officer in violation of Virginia Code § 18.2-57(C).

<u>Commonwealth v. Trotman</u>, Nos. CR13-3690 – CR13-3694-00F (Va. Cir. Ct. Dec. 30, 2013) (ECF No. 9-1). After medical evaluations and a hearing on April 10, 2014, the Circuit Court of the County of Henrico entered an order committing Trotman for inpatient hospitalization. Order – Not Guilty by Reason of Insanity – Commitment for Inpatient Hospitalization, <u>Commonwealth v. Trotman</u>, Nos. CR13-3690 – CR13-3694-00F (Va. Cir. Ct. Apr. 25, 2014) (ECF No. 9-2). Trotman did not pursue a direct appeal of his commitment.

On February 2, 2015, Trotman filed a federal habeas petition, pro sé, alleging violation of his rights pertaining to his involuntary commitment to Central State Hospital. Habeas Pet., <u>Trotman v. Ferguson</u>, No. 2:15cv45 (E.D. Va.) (ECF No.1). His petition alleged five claims for habeas relief, and he sought to amend his petition, adding a sixth claim. (ECF Nos. 1, 7, 8). All of his claims challenged his continued confinement at Central State Hospital. Trotman did not challenge his underlying plea of not guilty by reason of insanity. After the Respondent sought to dismiss the petition because Trotman had not exhausted his state remedies, Trotman filed a motion to withdraw his petition. (ECF No. 12). On April 8, 2015, the court granted Trotman's motion to withdraw his petition. (ECF No. 13). Trotman then filed a petition for writ of habeas corpus with the Circuit Court of the County of Henrico on April 6, 2015. State Habeas Pet., <u>Trotman v. Ferguson</u>, No. 2:15cv364 (ECF No. 9-6). Respondent filed a motion to dismiss the petition, which the Circuit Court granted on July 21, 2015. (ECF No. 9-7). Trotman then filed a notice of appeal on August 1, 2015, in the Circuit Court of the County of Henrico. (ECF No. 9-8).

On August 14, 2015, Trotman filed another federal habeas petition in this court, challenging his involuntary commitment. (ECF No. 1). His current petition raised the same claims as his prior federal habeas petition with the addition of a seventh claim. Specifically, he alleged that: (1) from "February 2014 to present Petitioner isn't/ wasn't mentally ill;" (2) his

2

counsel was ineffective because despite Trotman's requests, counsel did not appeal the Henrico Circuit Court's April 2014 commitment order; (3) hospital staff members "documented false statements that resulted in Petitioner being committed illegally;" (4) Dr. Lindsey lied in her evaluation; (5) he was unfairly targeted by hospital staff who submitted false allegations about his conduct; (6) hospital staff conspired to have him committed; and (7) on June 18, 2015, Dr. Nelson evaluated him and "found Petitioner to be sane." Id. Following Respondent's motion to dismiss the petition, the court directed the Respondent to supplement the record with any information regarding the disposition of Trotman's August 1, 2015, appeal of his state court habeas filing. (ECF No. 12). In response, Respondent indicated that Trotman had not timely filed a petition for appeal with the Supreme Court of Virginia, and therefore his appeal had been dismissed and there was no appeal pending in state court. (ECF No. 13).

On March 18, 2016, Respondent notified the court that Trotman had been discharged from the custody of the Department of Behavioral Health and Developmental Services pursuant to an Order from the Circuit Court of the County of Henrico on October 16, 2015.[1] (ECF No. 16, at 3). After receiving notification of Trotman's release from custody, on April 4, 2016, the court issued a Show Cause Order directing Trotman to explain why there were continuing collateral consequences and why his petition should not be dismissed. (ECF No. 18). Trotman failed to respond, and the opportunity to do so has expired.

## II.   RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Trotman's release has rendered his habeas claims in this court moot. Under Article III of the United States Constitution, federal courts have jurisdiction over "[c]ases" and "[c]ontroversies." U.S. Const. III, § 2, cl. 1. That is, at a minimum, the plaintiff must suffer an

---

[1]   Prior to Respondent's notification regarding Trotman's release, the court had not received any communication from Trotman about his release or change of address, as required by the court's August 26, 2015, Order. (ECF No. 2, at 3).

injury, which is "trace[able] to the challenged action of the defendant," and "it must be 'likely' ... that the injury will be 'redressed by a favorable decision.' " Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). If a claim does not present a case or controversy as defined in Article III, the claim is moot, and the court lacks jurisdiction. See Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013). In a federal habeas petition pursuant to 28 U.S.C. § 2254, the petitioner challenges a state's custody over his person, and the petitioner must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner is no longer in state custody, the question "is whether petitioner's subsequent release caused the petition to be moot because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998). In making this determination, courts look to see whether "some concrete and continuing injury other than the now-ended incarceration ... – some "collateral consequence" of the conviction – ... exist[s]." Id. When a habeas petitioner challenges his underlying conviction, courts "presume that a wrongful criminal conviction has continuing collateral consequences." Id. at 8 (citing Sibron v. New York, 392 U.S. 40, 55-56 (1968)). If a petitioner does not challenge his conviction, collateral consequences are not presumed. Id. at 8, 14.

In Trotman's current habeas petition, he challenges his involuntary commitment, but he does not challenge his underlying plea of not guilty by reason of insanity. See (ECF No. 1). That is, all of his claims appear to relate exclusively to his confinement at Central State Hospital. Although his second claim alleges ineffective assistance of counsel, he challenges his counsel's alleged failure to appeal the Henrico County Circuit Court's commitment order, not his underlying plea to the criminal charges against him. Id. at 6-7. Because Trotman does not challenge his plea of not guilty by reason of insanity, collateral consequences after his release from custody are not presumed. Moreover, Trotman's petition had asked the court for

4

"unconditional release," and he apparently received this relief when he was discharged from the custody of the Department of Behavioral Health and Developmental Services. Therefore it appears that the court cannot provide further relief to Trotman in this matter. See, e.g., Daniel v. Jordan, No. 12-CV-652, 2013 WL 2147466 (N.D. Okla. May 15, 2013) (holding that petitioner's request for discharge from confinement due to a finding of not guilty by reason of insanity was moot because petitioner did not continue to suffer "a concreate and continuing injury now that he has been discharged").

Prior to finalizing this Report and Recommendation, the undersigned included the foregoing summary of the law in an Order to Show Cause, directing Trotman to demonstrate why there were continuing collateral consequences and why his petition should not be dismissed. (ECF No. 18). The Order warned Trotman that failure to respond would result in the matter being submitted to a United States District Judge of this court with a recommendation that it be dismissed as moot as a result of Trotman's release. The time for responding to the Order has now passed, and Trotman has filed no response. Accordingly, the undersigned recommends that the court dismiss Trotman's petition as moot due to his release from custody and his failure to show any continuing collateral consequences.

### III.    RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Respondent's Motion to Dismiss (ECF No. 7) be GRANTED, and that Trotman's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED AS MOOT and the claims DISMISSED with prejudice. Based on this recommendation, the undersigned RECOMMENDS that Trotman's Motion to Quash (ECF No. 10) be terminated as moot.

## IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Report and Recommendation to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 16, 2016

**Clerk's Mailing Certificate**

A copy of the foregoing Order was mailed this date to:


**David Michael Trotman, Jr.**
Shinnecock Indian Nation
123 North Sea Road/ 2873
Southampton, NY 11968


and an electronic copy was provided to:

**Pamela Brown Beckner**
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219


Fernando Galindo, Clerk

By_____
Deputy Clerk

May 16 , 2016

7